## PUMILIA v. McGREGOR.   (No. 808.)

(Court of Civil Appeals of Texas.  Beaumont.
May 4, 1922.  Rehearing Denied
May 31, 1922.)

Appeal and error ⬤➡️1133—No error assigned on appeal, judgment affirmed.

Where there is no statement of facts in the record, nor brief for either side, nor assignment of error, it will be presumed that the trial court correctly rendered judgment, and it should be affirmed.

Appeal from Harris County Court; John W. Lewis, Judge.

Action by Ben Pumilia against M. C. McGregor.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Jas. L. Bailey and A. C. Allen, both of Houston, for appellant.
W. M. C. Dickson, of Houston, for appellee.

HIGHTOWER, C. J.  The appellee, as plaintiff below, sued appellant, as defendant, in one of the justice's courts of Harris county, to recover damages for an alleged breach of contract, and recovered judgment against appellant in that court for $100.  Appellant appealed the case to one of the county courts at law of Harris county, and there appellee again recovered judgment in the sum of $100, and from the latter judgment this appeal has been prosecuted.

There is no statement of facts in the record, nor is there any brief for either side, nor any assignments of error.  Such being the situation here, we presume that the trial court correctly rendered judgment against appellant, and, there being no fundamental error, the judgment should be affirmed; and it has been accordingly so ordered.

---

## THOMASON v. ARENDT et al.   (No. 1333.)

(Court of Civil Appeals of Texas.  El Paso.
May 4, 1922.  Rehearing Denied
June 1, 1922.)

Venue ⬤➡️22(3)—Sustaining plea of privilege to be sued in county of defendant's residence held proper.

In an action against three defendants, two residents in C. county, and one resident in H. county, where the one residing in H. county was neither a proper nor a necessary party, and was fraudulently joined as a party defendant for the sole purpose of conferring jurisdiction in H. county, sustaining a special plea of privilege of one of the other defendants to be sued in C. county, where he resided, was proper.

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Action by Y. L. Thomason against Paul Arendt and others.  From a judgment stating defendants' plea of privilege to be sued in the county of his residence, plaintiff appeals.  Affirmed.

H. G. McConnell, of Haskell, for appellant.
Granville Jones, of Gainesville, and W. H. Murchison, of Haskell, for appellees.

HIGGINS, J.  Appellant brought this suit in the district court of Haskell county against his brother, G. W. Thomason, a resident of that county, and against Paul Arendt and E. I. Fairy, residents of Cooke county.  Arendt filed plea of privilege to be sued in Cooke county.  Controverting affidavit was filed, and upon hearing the plea was sustained, and the plaintiff appeals.

The Thomasons were joint owners of a farm in Cooke county which G. W. Thomason, acting for himself and as agent for Y. L. Thomason, had theretofore leased for two or three years to Arendt.  The suit was to recover one-half of an alleged balance due upon the rentals and for damages to the premises.  It was alleged that the defendants had excluded the plaintiffs from the possession of the property, and during their possession of the same by their joint acts had damaged it.

It is contended by appellant that the venue was properly laid in Haskell county, by virtue of G. W. Thomason's residence there.  The court found that G. W. Thomason was neither a proper nor a necessary party defendant, and had been fraudulently joined as such for the sole purpose of conferring jurisdiction in Haskell county.  This finding is attacked, but is abundantly supported by the evidence.  Indeed, the evidence would scarcely admit of any other conclusion.  The evidence adduced shows without contradiction no liability whatever on the part of G. W. Thomason to the plaintiff as was alleged.  The falsity of the allegations of the petition fixing venue in Haskell county is shown by the testimony of G. W. Thomason, who was appellant's own witness.  It is in no wise impeached.  It shows that G. W. Thomason should have been a party plaintiff instead of a defendant.

The court's finding of a fraudulent joinder of G. W. Thomason as a party defendant is sustained, and upon this finding the plea of privilege was properly sustained.

There is no merit in the suggestion as fundamental error that the plea of privilege was insufficient.

Affirmed.

⬤➡️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes